DUFRESNE, Judge.
This suit arises from an automobile accident. Anthony Zibilich and Insurance Company of North America (INA), defendants-appellants, stipulated as to liability, and a jury trial was held on the question of quantum. A verdict was returned in the amount of $533,000 in favor of Walter Bo-det, plaintiff-appellee. Of that amount, some $260,000 was for future loss of earnings. The sole issue on appeal is whether the trial judge abused his discretion in refusing to permit the defendants to substitute an economics expert not listed in the pre-trial order, for the expert listed and allegedly under subpoena, when the latter expert failed to appear for trial. Because we find no such abuse of discretion, we affirm.
The pertinent facts are these. Named as an original defendant was Shell Offshore, Inc., Zibilich’s employer. INA was the insurer of the automobile driven by Zibilich. Counsel for Shell did much of the pre-trial preparation for this case, including inserts for the pretrial order. In those inserts, Shell listed Dr. Kenneth Boudreaux as its economics expert. INA simply adopted Shell’s witness list.
Dr. Boudreaux prepared an expert report in regard to plaintiff’s future lost wages on April 8, 1986, and submitted it to counsel for Shell. The report represented that it had been submitted by Dr. Boudreaux in conjunction with two of his associates, Drs. Stuart Wood and James Murphy, and that any of the three “may testify”. However, neither Wood nor Murphy signed that report. On April 30, Shell amended its pretrial inserts, but did not add Drs. Wood or Murphy to its witness list. On May 12, two days before trial, Boudreaux’s report was given to plaintiff’s counsel.
On May 14, the first day of trial, Shell was dismissed by stipulation of all counsel. On the second day of trial, counsel for INA represented to the court that Dr. Bou-dreaux, although under subpoena, was out of state, and thus unavailable to testify. No further information was provided the court to explain the doctor’s absence, or when it was discovered that he was out of town. Counsel then requested that either Dr. Wood or Dr. Murphy be substituted for Dr. Boudreaux, but plaintiff’s counsel objected and the trial judge ruled that he would not permit the substitution. INA made a proffer of the report, and trial continued. No motion for a continuance was made setting forth the peremptory grounds of La.Code Civ.Pro. art. 1602, nor does the record reflect any request that the subpoena be enforced by the court. The record further shows that Dr. Boudreaux *97 had been subpoened by Shell for May 12, two days before the trial date, which for three months had been fixed for May 14.
On this showing, we find no abuse of the trial court’s discretion in refusing to amend the pre-trial order to permit the testimony of an unlisted expert. The record clearly shows that IN A relied on Shell’s pre-trial inserts, and that those inserts were amended after Shell had knowledge of Drs. Wood and Murphy as potential experts, and yet failed to list them in the amendment. Further, the record provides no explanation of why Dr. Boudreaux was unavailable, nor when or how INA learned that he was out of town. Finally, Dr. Boudreaux was subpoened to appear two days before the matter was set for trial. Considering all of these factors, we find the trial court’s decision to exclude a substitute expert in the middle of a jury trial well within the discretion provided in La.Code Civ.Pro. art. 1551; Daspit Bros. v. Lionel J. Favret Const Co., 436 So.2d 1223 (La.App. 5th Cir.1983).
The plaintiff in this matter has also filed a cross appeal. He alleges that because Dr. Melville Wolf son, his expert, testified that his future lost wages would be $435,000, and because this figure was the only expert evidence on this point, that the jury abused its discretion in fixing this item at $260,000. This argument ignores that fact that Dr. Wolfson’s figure was based on the premise that Bodet was limited to jobs paying $15,000 per year, an amount $18,000 per year less than his pre injury employment. This premise was refuted by Mr. Barry Gregory, INA’s rehabilitation expert who testified that there were jobs available to Bodet in the $22,000 per year range. The jury could reasonably have found from this testimony that Bodet would suffer only an $11,000 loss in earning capacity, and therefore reduced Dr. Wolfson’s figure proportionately. We conclude that the award for future lost wages was thus not an abuse of the jury’s discretion.
For the foregoing reasons, the judgment appealed from is hereby affirmed,
AFFIRMED.